UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHAUDHRY M. SHOUQ, *Plaintiff*, v. ATLANTIS MANAGEMENT GROUP, LLC, *Defendant*. | Case No. 3:25-CV-01385 (KAD) September 15, 2026 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 23)**

Kari A. Dooley, United States District Judge:

Plaintiff Chaudhry Shouq filed the Complaint in this matter on September 2, 2025 against Defendant Atlantis Management Group, LLC ("Atlantis"), the owner and operator of a Citgo gas station in Bethel, Connecticut. Plaintiff brings eleven causes of action, including discrimination and defamation, arising out of an incident that took place at the Citgo station operated by Defendant. *See* Compl., ECF No 1. Defendant filed a Motion to Dismiss pursuant to 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. Dismiss, ECF No. 23. Plaintiff opposes. *See* Opp'n, ECF No. 24. For the reasons set forth below, the Motion to Dismiss, ECF No. 23, is **GRANTED**.

**Allegations**

The following allegations are set forth in Plaintiff's Complaint. Plaintiff, a South Asian man, was a patron of his local Citgo gas station in Bethel, Connecticut, which is owned and operated by Defendant. Compl., ECF No. 1 at ¶¶ 3–5. On December 3, 2023, Plaintiff entered the station with an empty coffee cup that he had purchased the previous day from the same station.

*Id.* at ¶ 6. The station's posted policy provides that customers may obtain a 99¢ coffee refill if they bring their own Citgo-branded cup. *Id.* When Plaintiff entered the station to seek the coffee refill, the manager accused Plaintiff of attempting to use a new cup to obtain the 99¢ refill. *Id.* at ¶ 7. Plaintiff opened the cup to show that it was empty, but the station manager refused to sell Plaintiff the refill, claiming he had seen Plaintiff enter without a cup. *Id.* at ¶ 8. Plaintiff returned to the station on December 10 and 12, 2023, upon which the manager continued to refuse service. *Id.* at ¶ 10. The manager called the police during Plaintiff's December 12 visit, and upon their arrival, police "inform[ed] Plaintiff that he was banned from the premises and would be arrested if he returned." *Id.* at ¶ 11.

**Procedural History**

Plaintiff filed the complaint against Atlantis on September 2, 2025. *See generally* Compl., ECF No. 1. The Complaint asserts eleven causes of action: (1) discrimination in a place of public accommodation pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*; (2) "false accusation" pursuant to 42 U.S.C. §§ 1981 and 2000a; (3) "intentional harassment and emotional distress" pursuant to 42 U.S.C. §§ 1981, 2000a, and Connecticut common law; (4) defamation per se pursuant to 42 U.S.C. §§ 1981 and 2000a; (5) race-based discrimination pursuant to 42 U.S.C. § 1981; (6) race or ethnicity-based discrimination pursuant to 42 U.S.C. § 2000a; (7) defamation; (8) negligence; (9) Title II discrimination pursuant to 42 U.S.C. § 2000a and Conn. Gen. Stat. § 46a-64 and §46a-58; (10) defamation; and (11) a claim for punitive damages. *Id.* Plaintiff seeks compensatory damages in the amount of $2,000,000 as well as punitive damages, litigation costs, prejudgment and postjudgment interest, and any other relief the Court deems proper. Compl., ECF No. 1 at 26.

On January 20, 2026, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant further asserts that the claims are barred by *res judicata*, collateral estoppel, the *Rooker-Feldman* doctrine, and the full faith and credit doctrine, 28 U.S.C. § 1738. *See* Mot. to Dismiss, ECF No. 23.

**Standard of Review**

A party may move to dismiss a complaint for insufficient service of process under Rule 12(b)(5). *See Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). The motion to dismiss must be granted if the plaintiff fails to serve a copy of the complaint and summons on the defendants under Rule 4 of the Federal Rules of Civil Procedure. *Id*. at 74. "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Id*. (quoting *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999)).[1]

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). If a complaint only "pleads facts that are 'merely consistent with' a defendant's liability," it does not establish a plaintiff's plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "formulaic recitation[s] of

[1] Defendant has established that Plaintiff did not effectuate proper service. In response, Plaintiff asserts that the case should not be dismissed on this basis because Defendant received actual notice or alternatively, he should be permitted more time to effectuate proper service. *See* Opp'n, ECF No. 24 at 3–4. The Court does not resolve this dispute having determined that the claims are clearly barred by the doctrine of *res judicata*.

the elements" are not entitled to a presumption of truth. *Id*. (quoting *Twombly*, 550 U.S. at 555). Nevertheless, when reviewing a motion to dismiss, the Court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citation and internal quotation marks omitted). Finally, *res judicata* may be raised in a Rule 12(b)(6) motion when the application of the doctrine is clear on the face of the Complaint. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498–99 (2d Cir. 2014) ("When all relevant facts are shown by the court's own records, of which the court takes notice, the defense of *res judicata* may be upheld on a Rule 12(b)(6) motion without requiring an answer." (cleaned up)); *see also In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2022 WL 17905335, at *6 (Bankr. S.D.N.Y. Dec. 23, 2022) ("It is settled that under Rule 12(b)(6), dismissal of a claim on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the claim.").

**Discussion**

In addition to challenging the sufficiency of the service and the factual allegations, Defendant moves to dismiss, in part, on the basis of *res judicata* because Plaintiff's claims are substantively identical to those asserted in state court. *See* Mot. to Dismiss, ECF No. 23-1 at 10–12. The Court agrees with Defendant. Plaintiff's arguments in opposition, *see* Opp'n, ECF No. 24, are unpersuasive.

As a preliminary matter, the Court takes judicial notice of the complaint filed in the matter of *Shouq v. Atl. Fresh Market Citgo Gas Station* (DBD-CV-24-5020381-S). *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts[.]" (citation omitted)). This prior state court action was between the same parties and raised substantively similar claims. *See* Ex. A, ECF No. 23-2. In the state court complaint, Plaintiff alleged: (1) discrimination under Conn. Gen. Stat. § 46a-64; (2) false accusation; (3) harassment; (4) defamation; (5) intentional infliction of emotional distress; (6) negligence; (7) loss of convenience; (8) civil rights violation under Conn. Gen. Stat. § 46a-64; (9) civil rights violation under Conn. Gen. Stat. § 46a-58(a); and (10) civil rights violation under the Civil Rights Act of 1964. *Id*. at 4–5. The Connecticut Superior Court for the Judicial District of Danbury granted a motion to strike each of Plaintiff's ten claims, concluding that "there is no non-frivolous basis upon which any claim may properly be asserted." *Id*. The Superior Court dismissed the case with prejudice on July 10, 2025. *Id*.

"In evaluating the *res judicata* effects of a previous state court judgment, federal courts apply that state's rule of law as to *res judicata*." *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 255 (D. Conn. 2017) (citing *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 85 (1984)). Under Connecticut law, *res judicata*, also known as "claim preclusion," "provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim." *Girolametti v. Michael Horton Assocs., Inc.*, 208 A.3d 1223, 1228 (Conn. 2019) (alterations and citation omitted). The purposes of the doctrine "are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious

litigation." *Powell v. Infinity Ins. Co.*, 922 A.2d 1073, 1079 (Conn. 2007) (citation omitted). "The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." *Id.* (quotation marks and citation omitted).

"In order for res judicata to apply, four elements must be met: (1) the judgment must have been rendered on the merits by a court of competent jurisdiction; (2) the parties to the prior and subsequent actions must be the same or in privity; (3) there must have been an adequate opportunity to litigate the matter fully; and (4) the same underlying claim must be at issue." *Girolametti*, 208 A.3d at 1228 (quotation marks and citation omitted). "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." *Powell*, 922 A.2d at 1082 (quotation marks and citation omitted).

Here, all four elements are met. The judgment issued following the granting of the Defendants' motion to strike is "considered a final judgment on the merits," *Santorso v. Bristol Hosp.*, 63 A.3d 940, 950 (Conn. 2013) (citation omitted), and "there is no doubt that the Connecticut Superior Court was a court of competent jurisdiction." *Powell v. Ocwen Loan Servicing, LLC*, No. 3:18-cv-01879 (JAM), 2019 WL 3412174, at *4 (D. Conn. July 29, 2019), *aff'd*, 840 F. App'x 610 (2d Cir. 2020). Second, the parties to the prior state court action and the instant action are identical. As for the third factor, Plaintiff had a full and fair opportunity to litigate in the state court, and indeed, did so. Because *res judicata* turns on a party's *opportunity* to bring claims, *res judicata* serves to bar not only claims that were actually made but also those that "might

have been made." *Weiss v. Weiss*, 998 A.2d 766, 775 (Conn. 2010) (citation omitted). Indeed, "where a party has fully and fairly litigated his claims, *he may be barred from future actions on matters not raised in the prior proceeding*." *Id*. (emphasis in original) (quoting *Fink v. Golenbock*, 680 A.2d 1243, 1250 (Conn. 1996)).

Finally, as to the fourth element, Defendant argues that the cause of action is the same because both cases arose out of the attempted coffee refill on December 3, 2023, and the subsequent ban from Defendant's Citgo gas station. Mot. to Dismiss, ECF No. 23-1 at 12. The Connecticut Supreme Court has "adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata." *Fernandez v. Mac Motors, Inc.*, 259 A.3d 1239, 1245 (Conn. App. Ct. 2021) (quoting *Powell*, 922 A.2d at 1080).

"The claim that is extinguished by the judgment in the first action includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage . . . . In applying the transactional test, we compare the complaint in the second action with the pleadings and the judgment in the earlier action." *Id*. (quoting *Powell*, 922 A.2d at 1080 (cleaned up)). Here, a comparison of the two complaints confirms unequivocally that the instant suit arose out of the same transaction as that which formed the basis of the state court litigation. *Compare* Compl., ECF No. 1 *with* Ex. A, ECF No. 23-2. The state court's dismissal identifies the same Defendant, recites the disagreement over

whether Plaintiff had brought his own coffee cup, and the subsequent ban from the gas station days later. Ex. A, ECF No. 23-2 at 3.[2] Accordingly, there is no question that the claims in the instant action were, or could have been raised in the prior state court action. *Weiss*, 998 A.2d at 775.

**Conclusion**

For the foregoing reasons, Defendant's Motions to Dismiss, ECF No. 23 is **GRANTED**. The Clerk of the Court is respectfully requested to enter judgment in favor of Defendant and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of September 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

[2] Because the Court finds the action is barred by the doctrine of *res judicata* and grants the motion on that basis, the Court need not address the other arguments raised in support of dismissal.